IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID A. CANTRELL,

    Plaintiff,

vs.

Case No. 03-1412 -JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, which authorizes judicial review of a final agency decision. Plaintiff argues that the Administrative Law Judge (hereafter "ALJ") improperly determined the date of the onset of plaintiff's disability. The Commissioner disagrees. After reviewing the parties' arguments, the court finds that the ALJ's decision was based on substantial evidence and conforms with the applicable statutory guidelines.

**I. PROCEDURAL HISTORY**

Plaintiff filed two applications for benefits under the Social Security Act on September 25, 2000. The first is an application for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et seq. and the second is an application for supplemental security income

(hereafter "SSI") benefits based on disability under Title XVI.[1] R. 27, 95-97. Plaintiff alleged that he became disabled on January 1, 1998. R. 95, 752. In his Disability Report, he alleged disability due to Bipolar Disorder, Type I, and Obsessive Compulsive Disorder (OCD). R. 159.

Plaintiff was born in 1952 and was 49 years of age at the time of his administrative hearing. R. 95, 757. He has a Doctorate in Dental Surgery (DDS). R. 758. His past relevant work included work as a dentist, maintenance man, groundskeeper, child care assistant, and shipping and receiving clerk. R. 122. Plaintiff last worked on December 28, 1999, as a taxi cab driver. R. 159.

Plaintiff's applications were denied initially (R. 36, 43-48) and on reconsideration. R. 37, 51-55. On July 24, 2002, following a hearing, the ALJ rendered a decision in which he found that plaintiff was disabled as of February 1, 2001, but not prior thereto. R. 27-34. On September 16, 2003, the Appeals Council of the Social Security Administration, after the consideration of additional evidence (R. 746-48), denied plaintiff's request for review. R. 9-11. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion.

---

[1] The Commissioner notes that plaintiff had previously filed applications for disability and SSI benefits on August 14, 1998, but the agency denied these applications on initial review because plaintiff was working 30 to 40 hours per week as a cab driver. The decision was rendered on November 4, 1998. The Commissioner argues that since plaintiff did not appeal these applications, there is no final agency decision as to these applications for this court to review. As plaintiff concedes, this court's review is limited to whether plaintiff was disabled after November 4, 1998. Plaintiff's Reply, Dkt. No. 24, at p. 2.

Richardson v. Perales, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Miller v. Chater, 99 F.3d 972 (1996); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989); Kemp v. Bowen, 816 F.2d 1469, 1475 (10th Cir. 1987). Substantial evidence requires the presence of enough relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. Richardson, 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence supporting the Secretary's findings. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Evidence is insubstantial if it is overwhelmingly contradicted by other evidence. O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir.1994); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987) (citations omitted). The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to reweigh the evidence or try the issues de novo. If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

### III. ANALYSIS

**A. Appeals Council Finding**

As a preliminary matter, the court does not agree with plaintiff's analysis of the Appeals Council ruling. The Appeals Council ruled that Dr. Roy B. Henderson's evaluation of plaintiff's condition could be given no probative weight because the doctor did not evaluate the claimant during the relevant time period and his conclusions were conjectural. R. 9, 746-48. This court agrees. While the doctor had examined claimant in 1983 and in 2001, any conclusion he made for the intermediate time is speculative. R. 746. While the medical record indicates that the

claimant was diagnosed with bipolar disorder and OCD as late as 1998 (R. 722-27), later medical evidence did not include a similar analysis and tended to state claimant's alcohol dependence as the central factor for his impairment. R. 429, 499, 520. The claimant did not undergo additional mental examinations from late 1998 through February 2001, despite a court order. R. 497. Consequently, the Appeals Council could reasonably conclude that the additional evidence did not provide a basis for overturning the ALJ's decision. R. 9. See Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995); Hoffman v. Apfel, 62 F.Supp.2d 1204, 1207 (D. Kan.1999).

**B. Drug and Alcohol Addiction Statute**

Plaintiff's central concern is whether the ALJ properly concluded that he was disabled on February 1, 2001 and not prior to this date. In particular, plaintiff argues that the ALJ conducted an improper two step analysis of DAA.

Title 24 U.S.C. § 423(d)(2)(C) governs the court's approach in assessing the effect of DAA on disability. The statute provides in relevant part that:

> An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

24 U.S.C. § 423(d)(2)(C). The "key factor" in determining whether alcoholism or drug addiction is a contributing factor is whether an individual would still be found disabled if he stopped using alcohol or drugs. 20 C.F.R. § 416.935 (b)(1). Making this determination requires that the ALJ evaluate which of claimant's current physical and mental limitations would remain if he stopped using drugs or alcohol and then determine whether any or all of these remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). "The focus of the inquiry, therefore, is on the impairments remaining if the substance abuse ceased, and whether those impairments are

disabling, regardless of their cause." Adame v. Apfel, 4 Fed.Appx. 730, 733, 2001 WL 193820, at *2 (10th Cir. Feb. 27, 2001) citing 20 C.F.R. § 404.1535(b)(1). See also Bryant v. Halter, Case No. 99-1050-JTM, Dkt. No. 12, Exhibit 1. The Tenth Circuit has restated the rule as follows:

> The Commissioner must first make a determination that the claimant is disabled. [24 U.S.C. § 423(d)(2)(C)]; 20 C.F.R. § 416.935(a). He must then make a determination whether the claimant would still be found disabled if he or she stopped abusing alcohol. Id. § 416.935(b)(1). If so, then the alcohol abuse is not a contributing factor material to the finding of disability. Id. § 416.935(b)(2)(ii). If, however, the claimant's remaining impairments would not be disabling without the alcohol abuse, then the alcohol abuse is a contributing factor material to the finding of disability. Id. § 416.935(b)(2)(i). The ALJ cannot begin to apply § 423(d)(2)(C) properly when, as here, he has not yet made a finding of disability.

Drapeau v. Massanari, 255 F.3d 1211, 1214-15 (10th Cir. 2001). If the claimant is not disabled "but for" the substance addiction, then he is not entitled to benefits. However, if the ALJ finds that the claimant is not disabled because of the DAA, then there needs to be no additional finding on whether he would still be disabled if he stopped using drugs. Tower v. Barnhart, 89 Fed.Appx. 186, 188-189, 2004 WL 309337, at*2 (10th Cir. 2004).

Evaluating Mr. Cantrell's claim for benefits prior to February 1, 2001, requires examining the available record to determine if the ALJ conducted the proper DAA analysis and if there is substantial evidence to support the ALJ's findings. Plaintiff concedes that he will not be attempting to claim social security benefits for the period prior to November 5, 1998 because the ALJ's refusal to reopen the prior claim forecloses this court's jurisdiction. Plaintiff's Reply, Dkt. No. 24, at p. 2. However, the medical evidence from this time period is relevant in considering whether Mr. Cantrell had an ongoing disability. Id.; Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The most extensive documentation of Mr. Cantrell's mental disabilities is in

the medical records of the Osawatomie State Hospital where he was sent for court order treatment. On May 4, 1998, the assessment report included questions as to whether Mr. Cantrell was a straight alcoholic or had a dual diagnosis with a possible bipolar disorder. R. 722. In a psychological evaluation on May 29, 1998, the report indicated his "premorbid characteristics and social history support a diagnosis of bipolar disorder." R. 726. The evaluator specifically noted that Mr. Cantrell was in denial of his psychological problems. R. 726. The diagnostic impressions on Axis 1 are bipolar disorder, type I, manic alcohol dependence; on Axis II, personality disorder, NOS with antisocial, histrionic and dependent features. R. 727.

In October 1998, Dr. Bruce Nystrom conducted a consultative evaluation. He determined that Mr. Cantrell presented complaints of bipolar disorder but did not exhibit symptoms of the disorder. R. 429. Dr. Nystrom did note claimant gave "a clear history of chronic alcohol dependence" and noted that the claimant worked full-time. R. 429. On December 9, 1999, the claimant was admitted to Via Christi Regional Medical Center for intoxication. R. 477. Medical records indicate that in December 1999 claimant was under court order for alcohol treatment and subsequent psychiatric evaluation after 60 days of sobriety, which claimant did not complete. R. 497. Dr. Brada found alcohol intoxication and dependence under Axis I, but assessed bipolar affective disorder and obsessive compulsive disorder only by history. R. 499. On November 1, 2000, Dr. Larry A. Boll concluded that if the claimant had a bipolar disorder and OCD, it would likely be helped with medication. R. 520. Dr. Boll emphasized drinking to be claimant's central problem. R. 520.

While evidence on the record indicates that claimant had a history of mental impairments, these symptoms, if continually present from late 1998 through 2001, seem to have been largely

6

undocumented in the medical records. With limited evidence on the record that Mr. Cantrell continued to suffer from bipolar disorder, OCD and personality disorder, the ALJ could properly conclude that alcoholism was the material, contributing factor causing his impairment. R. 31, 33. Although the ALJ conflates step one and step two in Findings Nos. 5 and 6, the ALJ partially explained his analysis in his report. R. 33. He noted:

> It is not established that apart from DAA, the claimant exhibited more than mild psychological disturbance prior to February 1, 2001. Absent the effects of active alcohol abuse during that time, the claimant exhibited no more than mild deficits in the broad functional categories set out in the regulation. The record is replete with references, as illustrated above, to alcoholism as the impairment impacting his work ability prior to February, 2001. It must be concluded that DAA is a contributing, material factor in this determination for the period prior to February 1, 2001.

R. 31. Thus, the ALJ considered claimant's allegation of disability prior to February 1, 2001 without the alcoholism and concluded that, apart from the DAA, the claimant only had mild impairments. In essence, the ALJ conducted the "but for" analysis without specifying whether there was a disability at step one. R. 31. The Commissioner argues that this oversight does not require reversal because the ALJ did not find claimant's alcoholism to be disabling and the ALJ conducted an unnecessary step two analysis. Commissioner's Brief, Dkt. No. 17, at p. 9-10. This, however, is a tautological argument in which the Commissioner assumes that there was no disability at the outset, even though the ALJ's analysis states this as a conclusion.

Reviewing the record as a whole, the gap in evidence as to claimant's ongoing battle with bipolar disorder, except through retrospective analysis, leads the court to conclude that substantial evidence supports the ALJ's conclusion. Considerable evidence points to alcohol addiction as the material, contributory factor to impairment. The lack of contemporaneous

evidence of mental illness supports the ALJ's ultimate finding. From late 1998 through February 2001, the medical evidence of impairments identifies alcohol abuse as claimant's primary problem and the existence of bipolar disorder and OCD only by history, even though there was documentation of mental illnesses in 1998 and 1997. From this record, the ALJ concluded that claimant's non-DAA impairments were not severe. Under these circumstances, the court finds it inappropriate to disturb the ALJ's conclusion that the DAA was the material, contributing factor to claimant's disability and the ALJ's statutory obligation to conclude that the plaintiff was not disabled prior to February 1, 2001. <u>See</u> 24 U.S.C. § 423(d)(2)(C). Despite the ALJ's conflation of steps, the court finds that substantial evidence supports the ALJ's findings.

ACCORDINGLY on this 30th day of March, 2005, the court denies plaintiff's appeal.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE