IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID A. CANTRELL,

        Plaintiff,

vs.                                    Case No. 03-1412-JTM

JOANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MEMORANDUM AND ORDER

      This matter comes before the court on the plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 28). Plaintiff argues that the ALJ did not conduct a proper disability finding. The Commissioner responds that the ALJ conducted an unnecessary drug and alcohol abuse (hereafter "DAA") analysis because there was no finding of disability prior to February 1, 2001. The court is in agreement with the Commissioner's analysis and ultimate conclusion.

      In reviewing a motion to alter or amend judgment, federal courts must determine whether there are fundamental legal errors that require the court to reconsider its earlier decision. Federated Mut. Ins. Co. v. Botkin Grain Co., 856 F. Supp. 607, 609 (D. Kan. 1994), aff'd in part and rev'd in part on other grounds, No. 94-3245, 1995 WL 495704 (10th Cir. Aug. 17, 1994). See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). Sustaining the motion requires a finding of manifest error of law or fact . All West Pet Supply Co. v. Hill's Pet Prods. Div., Colgate Palmolive Co., 847 F. Supp. 858, 860 (D. Kan. 1994), modified 842 F. Supp. 1376 (D.

Kan. 1994). A motion to alter or amend judgment should not be used to raise arguments or evidence that could and should have been raised prior to the entry of judgment or to reargue points the court already considered and rejected. See id. (citations omitted). The decision on whether to grant or deny the motion is left to the sound discretion of the district court. See Hancock v. Oklahoma City, 857 F.2d 1394, 1395 (10th Cir. 1988); Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990).

In reviewing the record, the court finds that ALJ's DAA analysis does not require remand. The ALJ's conclusion that there was no disability prior to February 1, 2001 is supported by substantial evidence. Since plaintiff failed to undergo medical evaluation for his bi-polar disorder and OCD that could have identified these mental illnesses, the ALJ could reasonably conclude that there was no evidence of disability apart from the drug and alcohol abuse. R. 31, 33. Had plaintiff undergone testing, the ALJ may have had the relevant medical evidence to find otherwise. Furthermore, the medical testimony of Dr. Henderson provides only retrospective analysis and contradicts the testimony of Dr. Nystrom, Dr. Brada and Dr. Boll, all of whom treated Mr. Cantrell during the relevant time period and concluded that alcohol abuse was Mr. Cantrell's central problem. None of the other medical evaluators noted that the alcohol was masking plaintiff's disability. The ALJ's DAA analysis was an unnecessary step that should not take away from the ALJ's well-supported finding that there was no disability prior to February 1, 2001. Based on the record as a whole, the ALJ's findings should not disturbed.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the court denies plaintiff's Motion to Alter or Amend Judgment (Dkt. No. 28).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE